U. S. DISTRICT COURT
Eastern District of Louisiana

FILED MAR  2 2006

LORETTA G. WHYTE
Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

V.                                                U.S.D.C. No. 00-CR-129-2-L

VINCENT WILLIAMS,

      Defendant.

---

**MOTION PURSUANT TO FEDERAL RULE CIVIL PROCEDURE RULE 60(b)(6) TO
RECONSIDER 2 POINTS ENHANCEMENT UNDER U.S.S.G. § 2D1.1(b)(1).**

---

**TO THE HONORABLE JUDGE ELDON E. FALLON**

Mr. Williams ask this Honorable Court to recognizes that he is,
proceeding pro se and, according, he is entitled to liberal construction
of his pleading. See Haines v. Kerne, 404 U.S. 519, 520-21 (requiring
that allegation contained in pro se complaint be held to "less stringent
standards than formal pleading drafted by lawyers").

Now Into Court comes Vincent Williams, the defendant is appearing pro
se with his Motion Pursuant To Federal Rule Civil Procedure Rule 60(b)(6)
To Reconsider 2 Points Enhancement Under U.S.S.G. § 2D1.1(b)(1), to do
substantial justice.

The United States Supreme Court held in Gonzalez v.Crosby, 162 L.Ed.2d
480 (2005), that Rule 60(b) would continue not to be a way to circumvent
the successive 2255 procedures as outlined by the AEDPA. Any new issues,
or issues that could have been raised previously would continue to be
barred. But Rule 60(b) would be available to challenge the integrity of
the District Court's prior 2255/2254 denial. In this case at bar, the

Fee_____
Process_____
X Dktd_____
X CtRmDep_____
Doc. No._____

defendant is challenging the 2 points enhancement under U.S.S.G. § 2D1.1
(b)(1), the integrity of the District Court's prior 2255 denial.

Thus Rule 60(b) could be available in cases where a District Court's
prior ruling was based upon an incorrect or erroneous interpretation of
the law and correcting that prior erroneous decision was necessary to
maintain the integrity of the judiciary. See Reserve Mining Co. v. Lord,
529 F.2d 184, 188 (8th Cir. 1976); Powers v. Bethlehem Steel Corporation,
483 F.2d 963 (1st Cir. 1973); Perkins v. Standard Oil Company of Californ,
487 F.2d 672, 674 (9th Cir. 1973);

In Sanders v. United States, 10 L.Ed.2d 148 (1963), the Supreme Court,
held that controlling weight may be given to denial of a prior application
for federal habeas corpus or § 2255 relief only if (1) the same ground
presented in the subsequent application was determined adversely to the
applicant on the prior application, (2) the prior determination was on
the merits, (3) the end of justice would not be served by reaching the
merits of the subsequent application. Also, see, Rosales-Garcia v. Holland,
322 F.3d 400 (6th Cir. 2003), "If purely legal questions are involved,
the applicant may entitled to a new hearing upon showing an intervening
change in the law." Id. at 17, 83 S.Ct. 1068; see also Lonberger, 808 F.2d
at 1174.

The Supreme Court held in United States v. Booker and Fanfan, 160 L.Ed.
2d 621(2005), that the Federal Guideline were Unconstitutional because
they required judicial fact-finding inconsistent with the Sixth Amendment.
The Sixth Amendment requires juries, not judges, to find fact relevant to
sentencing. See ante, at 1-2, 20 (Stevens, J. opinion of the Court.

In Booker, a majority of the Supreme Court extended to the Federal Sentencing Guidelines the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004): *pursuant* to the Sixth Amendment, any fact, other than the fact of a prior conviction, "Which is necessary to support a sentence exceeding the maximum authorized by the fact established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756. In this case at bar, the defendant was enhance 2 points for a firearm under U.S.S.G. § 2D1.1(b)(1), which he wasn't charge for and didn't plea guilty to violated his Sixth Amendment requires juries, not judge, to find fact relevant to sentencing.

## CONCLUSION

Mr. Williams prays this Honorable Court dismiss the 2 points enhancement for the firearm, due to the fact his Fifth Amendment was violated by being convicted for an element of the offense that wasn't charge by the grand jury, and his Sixth Amendment requires juries, not judges, to find fact relevant to sentencing.

Also, Mr. Williams ask this Honorable Court to resentence him at the bottom end of the Guidelinelevel 31 108-135 since the Court sentence him at the bottom end of the Guideline level 33 135-168. The 2 points enhancement is stoping Mr. Williams *for* receiving the drug class.

Respectfully submitted,

*Vincent Williams 2-22-06*

Vincent Williams
Reg. No. 27040-034
Satellite Prison Camp
P.O. Box 5010
Oakdale, Louisiana 71463

3.

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY, that a true copy of this Motion Pursuant To Federal Rule Civil Procedure Rule 60(b)(6) To Reconsider 2 Points Enhancement Under U.S.S.G. § 2D1.1(b)(1) was mailed, first-class, this 2-22-06, day of February 2006 to Assistant United States Attorney Maurice Landrieu Jr., 501 Magazine Street, 2nd Floor, New Orleans, Louisiana 70130.

Respectfully submitted,

*Vincent Williams*

Vincent Williams
Reg. No. 27040-034
Satellite Prison Camp
P.O. Box 5010
Oakdale, Louisiana 71463

Vincent Williams
Reg. No. 27040-034
Satellite Prison Camp
P.O. Box 5010
Oakdale, Louisiana 71463

Office Of The Clerk
United States District Court
500 Poydras Street, Room C-151
New Orleans, Louisiana 70130

