UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 00-129 |
| VINCENT WILLIAMS | * | SECTION "L" |

## ORDER AND REASONS

Before the Court is the Motion Pursuant to Federal Rule Civil Procedure Rule 60(b)(6) to Reconsider 2 Points Enhancement Under U.S.S.G. Section 2D1.1(b)(1) of Defendant Vincent Williams. For the following reasons, the motion is DENIED.

## I. Factual and Procedural Background

On August 16, 2000, Defendant Vincent Williams pled guilty to Count Three of an indictment charging him with possession with intent to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). On March 28, 2001, the Defendant was sentenced to 135 months imprisonment. The Court imposed this sentence after computing the United States Sentencing Guidelines applicable to Mr. Williams. Defendant's base offense level was 34, and Mr. Williams was given a two-point enhancement to that level pursuant to U.S.S.G. § 2D1.1(b)(1), which provides that if a dangerous weapon is possessed in the commission of a drug crime, the offense level is increased two levels. Mr. Williams did not raise an objection to this enhancement at sentencing.

On July 10, 2001, Mr. Williams filed an initial application for § 2255 relief in this Court. Mr. Williams argued that there were two grounds for relief: 1) ineffective assistance of counsel based upon his counsel's failure to file a motion to suppress certain evidence in the case, and 2)

improper calculation of the two-point enhancement under the United States Sentencing Guidelines. Under his second argument, Mr. Williams contended that the fact that he carried a gun was never proved to a jury and was not alleged in the indictment. On March 19, 2002, the Court rejected both of Mr. Williams' arguments and denied his application for relief under § 2255.

On May 21, 2002, the Court denied Mr. Williams' motion for a certificate of appealability, and reasoned that Mr. Williams had failed in his § 2255 petition to make a showing that he had been denied any constitutional protections. On July 16, 2002, the Fifth Circuit denied Mr. Williams' appeal for want of prosecution because he had failed to file a timely brief in support of a certificate of appealability.

On March 2, 2006, Mr. Williams filed the instant motion, and is proceeding *pro se*. In his motion, Mr. Williams essentially reiterates one of the arguments he made in his § 2255 petition to this Court in 2001: that the two-point enhancement under the Sentencing Guidelines was improperly imposed. Mr. Williams cites to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 756 (2005), in support of his motion for relief.

## II. Defendant's Motion

Defendant brings the instant motion under Rule 60 of the Federal Rules of Civil Procedure. However, because this is a criminal case, the rules of procedure for civil cases are not applicable to Mr. Williams. In any event, when reviewing a *pro se* motion, the district court is especially obligated to consider whether the motion presents any basis for relief. *See Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). Therefore, the Court shall determine whether the motion presents any basis for relief.

Generally, 28 U.S.C. § 2255 is the usual means of collaterally attacking a federal sentence, and "is the appropriate remedy for errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (internal quotations omitted). The arguments made in Mr. Williams' motion may be appropriate for a § 2255 petition, although, as discussed, Mr. Williams has already and filed and argued his claims in a § 2255 petition. The Court need not decide whether this motion should be considered as a § 2255 petition because, after reviewing the instant motion, the Court finds that the motion states no ground for relief.

Mr. Williams argues that the enhancement imposed upon his sentence should be reduced or set aside in light of the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 756 (2005), in which a majority of the Court found that any fact which is necessary to support a sentence exceeding the maximum authorized by the facts established by a jury verdict or a plea of guilty must be admitted by the defendant or proved to a jury beyond a reasonable doubt. The case law of the Fifth Circuit dictates that the rule of *Booker* cannot applied retroactively on collateral review. *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005). This means that the *Booker* rule does not apply to defendants whose convictions became final prior to January 12, 2005, the date on which the U.S. Supreme Court decided *Booker*.

Mr. Williams' sentence became final in October 2002, ninety days after the Fifth Circuit denied Mr. Williams' appeal for want of prosecution. *See United States v. Gentry*, 432 F.3d 600, 604 n.2 (5th Cir. 2005) (stating that a conviction becomes final ninety days after an appeal is dismissed, if no writ of certiorari is sought or granted). Therefore, the *Booker* rule cannot be applied retroactively to Mr. Williams' sentence. Because the Court finds no other

avenue of relief for Mr. Williams, his motion must be denied.

### III. Conclusion

Accordingly, Defendant's Motion Pursuant to Federal Rule Civil Procedure Rule 60(b)(6) to Reconsider 2 Points Enhancement Under U.S.S.G. Section 2D1.1(b)(1) is hereby DENIED.

New Orleans, Louisiana, this __7th__ day of April, 2006.

_____
UNITED STATES DISTRICT JUDGE

PLEASE SERVE:

Vincent Williams
No. 27040-034
Satellite Prison Camp
P.O. Box 5010
Oakdale, Louisiana  71463