U. S. DISTRICT COURT
Eastern District of Louisiana

FILED APR 2 4 2006

LORETTA G. WHYTE
Clerk

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | NO. 00-129 |
| VINCENT WILLIAMS | SECTION "L" |

### MOTION TO ALTER OR AMEND A JUDGMENT PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 59(e).

Now Into Court comes Vincent Williams, the defendant appearing through pro se representation and respectfully moves this Honorable Court to Federal Rule Civil Procedure 59(e) Motion to Alter or Amend a Judgment. This Honorable Court have clearly error and the defendant ask the Court to correct the error for the interest of justice.

On April 7th, 2006, the Court clearly error by finding the defendant motion under Rule 60 of the Federal Rules of Civil Procedure does not apply to criminal cases.

Recently at Gonzalez v. Crosby, 125 S.Ct. 2641 (2005) the Supreme Court addressed the circumstances in which a petitioner's Rule 60(b) motion is the equivalent of successive habeas petitioner. The Supreme Court specifically stated that its ruling was limited to consideration of cases involving 28 U.S.C. § 2254. 125 S.CT. at 2646 n.3. Although the Supreme Court specifically stated that its holding was limited to § 2254s, courts have applied Gonzalez v. Crosby to § 2255 motion.

___Fee_____
___Process_____
_X_Dktd_____
_X_CtRmDep_____
Doc. No._____

United States v. Scott, 414 F.3d 815 (7th Cir. July 17, 2005) applying Gonzalez in § 2255 proceedings); United States v. Terrell, 141 Fed. Appx. 849 (11th Cir. July 19, 2005)("Although Gonzalez addressed a Rule 60(b) motion and decided the issue only under § 2254, we believe that its holding and rationale apply equally to § 2255').

In Gonzalez v. Crosby, the Supreme Court held that a petitioner's Rule 60(b) motion is not the equivalent of a successive habeas petition if a Rule 60(b) motion attacks not the substance of the federal court's resolution of a claim on the merits but some defect in the integrity of the federal habeas proceedings. 125 S.Ct. at 2648. A Fed.R.Civ.P. 60(b) motion that attacks the underlying conviction and sentencing in the criminal case must be treated as a new § 2255 motion. 125 S.Ct. at 2646. In this case at bar, the defendant 60(b)(6) motion attack a defect in the integrity of the § 2255 proceeding and should not have been denied.

Rule 60(b) is the appropriate rule to invoke when one wishes a court to reconsider claims it has already decided. Khan v. Ashcroft, 374 F.3d 825 (9th Cir. 2004)(A party is entitled to relief under Rule 60(b)(6) where "extraordinary circumstances prevented [him] from taking timely action to prevent or correct an erroneous judgment." Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997)(citations and quotation marks omitted); see also Ackermann v. United States, 340 U.S. 193, 200-02, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

2.

## CONCLUSION

Mr. Williams prays this Honorable Court Alter or Amend the Judgment pursuant to Federal Rule Civil Procedure 59(e). The Court cleraly error by finding the defendant motion under Rule 60 Of the Federal Rule of Civil Procedure does not apply to criminal cases. <u>Gonzalez v. Crosby</u>, 125 S.Ct. 2641 (2005) the Supreme Court held that a 60(b) could be use to attack a defect in the integrity of the federal habeas proceeding. 125 S.Ct. at 2648.

                                              Respectfully submitted,

                                              *Vincent Williams*   4-16-06
                                              Vincent Williams
                                              Reg. No. 27040-034
                                              Satellite Prision Camp
                                              P.O. Box 5010
                                              Oakdale, Louisiana 71463

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY, that a true copy of this Motion to Alter or Amend a Judgment pursuant to Federal Rule Civil Procedure 59(e) was mailed, first-class, this __16__, day of April 2006 to Assistant United States Attorney Maurice Landrieu Jr., 501 Magazine Street, 2nd Floor, New Orleans, Louisiana 70130.

Respectfully submitted,

*Vincent Williams*
Vincent Williams
Reg. No. 27040-034
Satellite Prison Camp
P.O. Box 5010
Oakdale, Louisiana 71463

4.

vincent williams # 27040-034
SATELLITE PRISON CAMP
P.O. BOX 5010
OAKDALE, LA. 71463

Office Of The Clerk
United States District Court
Poydras Street, Room C-151
New Orleans, Louisiana 70130

no date pk