UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 00-129 |
| VINCENT WILLIAMS | * | SECTION "L" |

## ORDER AND REASONS

Before the Court is the Motion to Alter or Amend a Judgment Pursuant to Federal Rule of Procedure 59(e) of Defendant Vincent Williams. For the following reasons, the motion is DENIED.

On August 16, 2000, Defendant Vincent Williams pled guilty to Count Three of an indictment charging him with possession with intent to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). On March 28, 2001, the Defendant was sentenced to 135 months imprisonment. The Court imposed this sentence after computing the United States Sentencing Guidelines applicable to Mr. Williams. Defendant's base offense level was 34, and Mr. Williams was given a two-point enhancement to that level pursuant to U.S.S.G. § 2D1.1(b)(1), which provides that if a dangerous weapon is possessed in the commission of a drug crime, the offense level is increased two levels. Mr. Williams did not raise an objection to this enhancement at sentencing.

On July 10, 2001, Mr. Williams filed an initial application for § 2255 relief in this Court. Mr. Williams argued that there were two grounds for relief: 1) ineffective assistance of counsel based upon his counsel's failure to file a motion to suppress certain evidence in the case, and 2) improper calculation of the two-point enhancement under the United States Sentencing

Guidelines.  Under his second argument, Mr. Williams contended that the fact that he carried a gun was never proved to a jury and was not alleged in the indictment.  On March 19, 2002, the Court rejected both of Mr. Williams' arguments and denied his application for relief under § 2255.

On May 21, 2002, the Court denied Mr. Williams' motion for a certificate of appealability, and reasoned that Mr. Williams had failed in his § 2255 petition to make a showing that he had been denied any constitutional protections.  On July 16, 2002, the Fifth Circuit denied Mr. Williams' appeal for want of prosecution because he had failed to file a timely brief  in support of a certificate of appealability.

On March 2, 2006, Mr. Williams filed a motion under Rule 60(b) of the Federal  Rules of Civil Procedure for reconsideration of his sentence, and proceeded *pro se*.  In his motion, Mr. Williams essentially reiterated one of the arguments he made in his § 2255 petition to this Court in 2001: that the two-point enhancement under the Sentencing Guidelines was improperly imposed.  Mr. Williams cited to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 756 (2005), in support of his motion for relief.

On April 7, 2006, this Court denied Mr. Williams' motion for reconsideration of his sentence because the motion presented no basis for relief under any procedural avenue.  The case law of the Fifth Circuit is clear that the rule of *Booker* cannot applied retroactively on collateral review to cases like that of Mr. Williams whose conviction became final prior to January 12, 2005.  *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005).

In his present motion, Mr. Williams argues that the Court erred in finding that Rule 60(b) cannot be applied to Mr. Williams' case.  The Court believes that Rule 60(b) does not

2

apply to Mr. Williams' prior motion because the motion addressed the substance of his sentencing and not any procedural defect. *Gonzales v. Crosby*, 125 S.Ct. 2641, 2647-48 (2005). Instead, the Court was obligated to consider Mr. Williams' motion not under Rule 60(b) but rather as a successive § 2255 motion, which it did. *Id.*

Moreover, the issue of whether Rule 60(b) applied to Mr. Williams' motion is not necessary to the Court's ultimate holding in its Order and Reasons dated April 7, 2006. The Court held that, under Rule 60(b) or otherwise, Mr. Williams cannot find relief under the U.S. Supreme Court's opinion in *Booker v. Washington* because that case does not apply retroactively to Mr. Williams. That holding remains unchanged, regardless of the procedural avenue under which Mr. Williams chooses to pursue his arguments.

Accordingly, Defendant's Motion to Alter or Amend a Judgment Pursuant to Federal Rule of Procedure 59(e) is hereby DENIED.

New Orleans, Louisiana, this  1st   day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE

PLEASE SERVE:

Vincent Williams
No. 27040-034
Satellite Prison Camp
P.O. Box 5010
Oakdale, Louisiana  71463