IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

V.

VINCENT WILLIAMS,

    Defendant.

U.S.D.C. No. 00-CR-129-2-L

---

**MOTION TO SET ASIDE THE ENTRY OF DEFAULT AND DEFAULT JUDGMENT PURSUANT TO FEDERAL RULE CIVIL PROCEDURE RULE 60(b)(4).**

---

**TO THE HONORABLE JUDGE ELDON E. FALLON**

    Mr. Williams ask this Honorable Court to recognizes that he is proceeding pro se and, according, he is entitled to liberal construction of his pleading. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegation contained in pro se complaint be held to "less stringent standards than formal pleading drafted by lawyers").

    NOW INTO COURT comes VINCENT WILLIAMS, the defendant is appearing pro se representation and respectfully moves this Honorable Court to his motion to set aside the default and default judgment pursuant to Federal Rule Civil Procedure Rule 60(b)(4) that was enter on March 28, 2001, on the following items:

    (1) Smith and Wesson Model 688-3.357 Caliber Handgun Bearing Serial BJJ0431.

TENDERED FOR FILING

APR 20 2007

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

(1) Lorcin 9mm Semi-Automatic Pistol Bearing Serial L72133.

(1) Mossberg 12 gauge Shotgun, Model 500A, Serial P144483

(1) U.S. Cabine Semi-Automatic 30. Caliber Pistol, Serial BA03912.

(1) 13,809 U.S. Currency.

Prior to search the guns was conseal.

(1) Green Briefcase containing Assorted Ammunition.

The Fifth Circuit Court of Appeals held in Carter v. Fenner 136 F.3 1006 (5th Cir. 1998), Under Rule 60(b)(4) this court will generally look toward two factors to determine voidness. The New York Life court stated that "[a] judgment " is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law." ' " Id. at 143 (quoting Williams v. New Orleans public Serv. Inc, 728 F.2d 730, 735 (5th Cir. 1984). Also, the court has explained that " '[t]here is no time limit on an attack on a judgment as void. When, however, the motion is based on a void judgment under rule 60(b)(4), the district court has no discretion, the judgmentis either void or it is not.

Federal Rule of Criminal Procedure 32(d)(2) provides that "the court may enter a preliminary order of forfeiture after providing notice to the defendant and a reasonable opportunity to be heard on the timing and form of the order." The preliminary order is not a judgment or a final order. See United States v. Pease 331 F.3d 813 (11th Cir. 2003) (citing United States v. L'Hoste, 609 F.2d 796, 812-13 (5th Cir. 1980) (holding that forfeiture should be ordered as part of a defendant's sentence). Rather, the forfeiture becomes final when "a final order of

2.

forfeiture shall be made part of the sentence and included in the judgment. In this case at bar, on March 28, 2001, the court failure to include the forfeiture as part of the sentence and included in the judgment. In this case at bar, on March 28, 2001, the court fails to include the forfeiture as part of the sentence and included in the judgment. See <u>Exhibit A</u> the Judgment And Probation / Commitment Order.

## CONCLUSION

Mr. Williams prays this Honorable Court **GRANT** his Motion to Set Aside the entry of Default and Default Judgment Pursuant to Federal Rule Civil Procedure Rule 60(b)(4) for lack of an order of the forfeiture for not being included in the Judgment and Probation / Commitment Order.

Respectfully submitted,

*/s/ Vincent Williams*
Vincent Williams
Reg. No. 27040-034
Satellite Prison Camp
P.O. Box 5010
Oakdale, Louisiana 71463

3.

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY, that a true copy of this Motion to Set Aside the entry of Default and Default Judgment pursuant to Federal Rule Civil Procedure Rule 60(b)(4) was mailed, first-class, this __16__, day of April 2007, to Assistant United States Attorney Maurice Landrieu Jr., 500 Poydras Street Room 210, New Orleans, Louisiana 70130.

Respectfully submitted,

*Vincent Williams*
Vincent Williams
Reg. No. 27040-034
Satellite Prison Camp
P.O. Box 5010
Oakdale, Louisiana 71463

4.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT CO[URT]
EASTERN DISTRICT OF LOU[ISIANA]
Filed 3-29-01
LORETTA G. WHYT[E]
CLERK

UNITED STATES OF AMERICA

vs. VINCENT WILLIAMS          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          00-129 - L
146 Champs Lane              (SOC. SEC. NO.)      (CASE NO./SEC.)
Belle Rose, LA 70341

JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government,     Month    Day    Year
the defendant appeared in person on this date --------( MARCH 28, 2001 )

However the court advised defendant of right to counsel and asked
__ WITHOUT COUNSEL  whether defendant desired to have counsel appointed by the court
                    and the defendant thereupon waived assistance of counsel.
x WITH COUNSEL  Dennis Dolbear, 5431 Coventry, New Orleans, LA 70125

Court Reporter's Name: David Zarek      AUSA: Maurice Landrieu
U.S. Probation Officer: Loretta Eglen

PLEA:  X GUILTY, and the court being satisfied   __ NOLO CONTENDERE  __ NOT GUILTY
       that there is a factual basis for the plea.

                              ( __ NOT GUILTY.  Defendant is discharged.
There being a finding of
                              ( X GUILTY 8-16-00 to ct 3 Indictment.

Defendant has been convicted as charged of the offense(s) of 21 USC 841(a)(1) & 846
POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE AND COCAINE HYDROCHLORIDE
as charged in the Indictment.

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 135 months as to count 3. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years as to count 3. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released. While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court, and shall not possess a firearm. In addition, the following special conditions are imposed: 1) The defendant shall participate in a program of orientation and life skills as directed by the Probation Officer. The Court waives the fine in this case. On oral motion of the government, IT IS ORDERED that count 1 of the indictment be dismissed as to this defendant.

IT IS FURTHER ORDERED that the defendant shall pay to the United States a ~~~~~~~~~~
~~~~~~~~~~ as to Count(s) 3 , for a total assessment of $100.00
IT IS FURTHER ORDERED that the defendant notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid. In addition to the special conditions of probation imposed above, IT IS HEREBY ORDERED that the general conditions of probation/supervised release set out on the reverse side be imposed.

IT IS FURTHER ORDERED:
[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.
[ ] The court has determined that the defendant does not have the ability to pay interest. The interest requirement is (waived) (modified as follows):

SIGNED BY:                                          CERTIFIED AS A TRUE COPY
X U.S. DISTRICT JUDGE                               ON THIS DATE 3-30-01
                ELDON E. FALLON                     BY: _____
                (Date) MARCH 28, 2001                   Deputy Clerk

Fee
Process
X D__

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within seventy-two hours prior to any change in residence and within seventy-two hours of any change in employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

The court makes the following recommendation to the Bureau of Prisons: that the defendant be incarcerated in a facility as close to his family as possible.

IT IS ORDERED that the Clerk deliver a certified copy of this Judgment and Commitment to the U.S. Marshal or other qualified officer.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.


                                                    _____
                                                    United States Marshal

                                                    _____
                                                    Deputy Marshal



Vincent Williams
Reg. No. 27040-034
Satellite Prison Camp
P.O. Box 5010
Oakdale, Louisiana 71463

Office Of The Clerk
Hale Boggs Federal Bldg.
500 Poydras Street Room C-151
New Orleans, Louisiana 70130